UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| D. WEBB INDUSTRIES, LLC d/b/a EAST TEXAS OILFIELD SUPPLY CO., *Plaintiff,* | Civil Action No. 2026-CV-3200 |
| vs. | |
| THOMAS OILFIELD SERVICES, LLC, *Defendant.* | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff D. Webb Industries, LLC d/b/a East Texas Oilfield Supply Co. ("Plaintiff" or "ETOFS") brings this Original Complaint against Defendant Thomas Oilfield Services, LLC ("Defendant" or "Thomas") for patent infringement. In support, ETOFS respectfully shows as follows:[1]

[1]ETOFS's allegations relating to itself are based on personal knowledge, while ETOFS's allegations relating to Defendant are made upon information and belief.

## I. THE PARTIES

1. ETOFS is a Texas limited liability company with its principal place of business in Texas.

2. Defendant Thomas is a Texas limited liability company with its principal place of business located at 1210 Cottonwood Creek Trail, Suite 420, Cedar Park, TX 78613. Thomas may be served through its registered agent Jon Rowan, 204 N. Walcott Street, Suite B, Jefferson, TX 75657.

## II. JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Thomas because it conducts business in this District, the State of Texas, and in the United States. This Court also has personal jurisdiction over Thomas because it has committed acts of patent infringement, induced acts of patent infringement by others, contributed to patent infringement by others, and/or advertised infringing products in this District, the State of Texas, and in the United States. Thomas is subject to the Court's general jurisdiction from regularly doing or soliciting business in this District and Texas, as well as deriving substantial revenue from goods and services provided to persons or entities in this District and Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Thomas has committed acts of infringement here and maintains regular and

established places of business in this division located at 1210 Cottonwood Creek Trail, Suite 420, Cedar Park, TX 78613. *See, e.g.,* Exhibit D (at page 6/8). Thomas is also a Texas limited liability company.

## III. THE PATENT-IN-SUIT AND STANDING

6. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,992,817 ("'817 Patent") after a full and fair examination, which is attached as Exhibit A and incorporated here by reference. This patent was issued to inventor Dustin Webb, who granted an exclusive license to this Patent before this lawsuit was filed. *See* Exhibit B.

7. The enclosed exclusive license grants all substantial rights in the '817 Patent to ETOFS, including the rights of recovery for past, present, and/or future infringement of the '817 Patent.

## IV. DEFENDANT'S PATENT INFRINGEMENT

8. ETOFS incorporates the preceding paragraphs by reference.

9. The '817 Patent is valid and presumed valid under 35 U.S.C. § 282. The '817 Patent is also enforceable.

10. Thomas infringes at least claims 1, 3, and 6 ("Asserted Claims")[2] of ETOFS's '817 Patent by way of its "Pre-Mix Tank" ("Accused Product"). Some of Thomas's advertising material identifying this product is enclosed as Exhibit C and incorporated here by reference. Pursuant to the Federal Circuit's holding in *Disc*

---

[2] While ETOFS refers to these independent claims as Asserted Claims to simplify the allegations in this pleading, these are at least the claims that are infringed, and ETOFS expects to assert additional claims of infringement as part of this lawsuit.

*Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. May 1, 2018), ETOFS asserts that Thomas's Accused Product "meet[s] each and every element of at least one claim" of the '817 Patent either "literally or equivalently."

11. Thomas has known about ETOFS's '817 Patent, including by way of ETOFS's marking of its commercial products that embody this patent, by way of discussions with ETOFS, and by way of a cease and desist demand letter sent by ETOFS.

12. Pursuant to 35 U.S.C. § 271(a), Thomas has directly infringed at least the Asserted Claims by its unauthorized manufacture, use, sale, importation, rental, repair, and/or offer for sale of its Accused Product and related services.

13. Additionally and/or alternatively, pursuant to 35 U.S.C. § 271(b), Thomas indirectly infringes at least the Asserted Claims by active inducement. Thomas has induced, caused, urged, encouraged, aided and abetted its direct and indirect customers to make, use, sell, offer for sale, and/or import the Accused Product. Thomas has done so by acts including but not limited to selling and/or renting this product to their domestic and foreign customers; marketing this product to its customers and the public at large; and providing instructions, technical support, maintenance work, and other support and encouragement for this product. Such conduct by Thomas was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of this product in the United States.

14. Additionally and/or alternatively, pursuant to 35 U.S.C. § 271(c), Thomas indirectly infringes by contributing to the infringement of, and continuing to contribute to the infringement of, at least the Asserted Claims by selling, offering for sale, and/or importing into the United States, the Accused Product or components thereof. Thomas knows that this product includes hardware components that work in concert to perform specific intended infringing configurations and functions. Such specific configurations/functions are a material part of the invention of the '817 Patent and not staple articles of commerce suitable for substantial non-infringing use

15. ETOFS is entitled to a preliminary and permanent injunction to stop Thomas's infringing conduct. ETOFS has suffered an irreparable injury; there are no adequate remedies available at law to compensate for that injury; an equitable injunction is warranted after a balance of the hardships between ETOFS and Thomas; and the public interest would not be disserved by an injunction.

16. Thomas's acts of infringement have caused and will continue to cause ETOFS damage. Thomas is liable to ETOFS in an amount that adequately compensates ETOFS for Thomas's infringement, which can include lost profits and be no less than a reasonable royalty together with interest and costs pursuant to 35 U.S.C. § 284.

17. Thomas's infringement of the '817 Patent has been willful pursuant to 35 U.S.C. § 284, entitling ETOFS to enhanced damages. During all relevant time periods, Thomas had knowledge of ETOFS's '817 Patent and chose to commit egregious acts of infringement despite this knowledge.

18. This is an exceptional case pursuant to 35 U.S.C. § 285, entitling ETOFS to its attorneys' fees and other litigation costs.

## V. JURY DEMAND

19. Pursuant to Fed. R. Civ. P. 38, ETOFS demands a jury trial of all issues so triable.

## VI. PRAYER FOR RELIEF

20. WHEREFORE, ETOFS prays for the following relief from the Court and Jury:

a. That the '817 Patent be adjudged infringed by Thomas under all applicable provisions of Title 35, United States Code;

b. That Thomas, its officers, directors, employees, agents, and all those acting in concert with Thomas be preliminarily and permanently enjoined from all future activities infringing the '817 Patent and/or inducing or contributing to the infringement of the '817 Patent by others;

c. That Thomas be required to prepare and deliver to the Court a complete list of entities to whom Thomas has made money off any product that infringes the '817 Patent;

d. That Thomas be ordered to account to ETOFS for all sales, revenues, and profits related to its infringement of the '817 Patent, pursuant to all applicable provisions of Title 35, United States Code;

e. That this Court hold Thomas liable for their infringement and award ETOFS its actual and compensatory damages, costs, expenses, and fees resulting from Thomas's infringing activities, as provided by 35 U.S.C. § 284;

f. That this Court award ETOFS prejudgment interest, post judgment interest, and costs of Court;

g. That this Court order that damages so found or assessed be enhanced or trebled as a result of Thomas's willful, deliberate, wanton, and/or reckless infringement, as provided by 35 U.S.C. § 284;

h. That this Court order that, because this is an exceptional case, ETOFS be awarded its reasonable and necessary attorneys' fees and other litigation costs incurred in connection with this action, as provided for by 35 U.S.C. § 285; and

i. That ETOFS be awarded such other and further relief as may be just and appropriate.

- *Signature on the Following Page* -

Dated: November 17, 2026

Respectfully submitted,

**BOWICK & LANEY, PLLC**

*/s/ Bradford T. Laney*
Bradford T. Laney
Robert M. Bowick
1512 Center Street, Suite 430
Houston, Texas 77007
Telephone: (713) 429-8050
Email: brad@bl.law
bobby@bl.law

**Counsel for Plaintiff D. Webb Industries, LLC d/b/a East Texas Oilfield Supply Co.**